

FILED

JAN -5 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELTON WILLIAMS, #98912-071

Petitioner,

v.                                                    2:09CV414

PATRICIA R. STANSBERRY, WARDEN,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On July 24, 2002, in the District of South Carolina, petitioner pled guilty, before a Magistrate Judge, to an indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On November 13, 2002, during the sentencing hearing, petitioner objected to the use of his prior conviction for criminal sexual conduct with a minor as a predicate offense under the Armed Career Criminal Act (ACCA), but the objection was overruled. On November 14, 2002, the District Court sentenced petitioner to the statutory mandatory minimum sentence of 180 months imprisonment.

Petitioner appealed his conviction in the United States Court of Appeals for the Fourth Circuit Court, which affirmed the conviction. The court found that the Magistrate Judge had complied with the requirements of Rule 11 and that the District Court had properly

sentenced petitioner in accordance with the Sentencing Guidelines and 18 U.S.C. § 924(e). United States v. Williams, 80 Fed. Appx. 890 (4th Cir. 2003).

On January 12, 2004, in the District Court of South Carolina, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming that his guilty plea was not knowing and voluntary, that the search and seizure resulting in evidence of his criminal conduct was not constitutional, and that he was denied effective assistance of counsel. In support of his motion to vacate, petitioner relied upon Shephard v. United States, 125 S.Ct. 1254 (2005), and United States v. Booker, 125 S.Ct. 738 (2005). The court found that Shepard was inapplicable to petitioner's case, since there was no factual dispute as to any of the predicate convictions forming the basis for petitioner's sentencing as an Armed Career Criminal and that Booker was not retroactive to cases on collateral review. Petitioner appealed to the Fourth Circuit Court of Appeals, but the appeal was dismissed. United States v. Williams, 164 Fed. Appx. 443 (4th Cir. 2006). On May 31, 2007, in the Fourth Circuit Court of Appeals, petitioner moved for authorization to file a successive application pursuant to 28 U.S.C. § 2444, but the motion was denied.

On June 10, 2008, in the District Court of South Carolina, petitioner filed a motion to reconsider judgment pursuant to Rule 60(b)(6), of the Federal Rules of Civil Procedure, arguing that evidence should have been suppressed and that he received ineffective assistance of counsel. On November 17, 2008, respondent filed a motion to dismiss. Pursuant to the PACER docketing system, this matter is still pending.

On March 4, 2009, in the United States Court of Appeals for the Fourth Circuit, petitioner filed a second motion for authorization to file a successive § 2255 application. On March 23, 2009 the motion was denied.

On April 17, 2009, in the United States District Court of South Carolina, petitioner filed an "Audita Querela Motion" pursuant to 28 U.S.C. § 1651, which was construed as a motion pursuant to 28 U.S.C. § 2255. Petitioner raised the issue of whether his prior conviction for criminal sexual conduct with a minor continues to be a predicate conviction under the ACCA. The motion is still pending.

On August 11, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on September 14, 2009, respondent filed a response, moving the Court to deny the petition. This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner's claims relate to the use of his classification as an Armed Career Criminal and to the search and seizure that resulted in his arrest. Petitioner is essentially attacking the imposition of his sentence. All of petitioner's claims have been raised in the United States District Court for South Carolina and in the United States Court of Appeals for the Fourth Circuit.

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

Federal habeas corpus petitions made by federal prisoners are governed by 28 U.S.C. §§ 2241 and 2255. A motion made pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack of a federal sentence. Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, 911 F.2d

3

1111, 1113 (5th Cir. 1990) (quoting <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir. 1980)). Therefore, § 2255 petitions are a federal prisoner's exclusive remedy for collaterally attacking the imposition of his sentence, unless the remedy is inadequate or ineffective. <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000). Petitioner bears the burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy.

## C. Statute of Limitations for §2255 Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for the filing of a § 2255 motion. The one-year limitations period for § 2255 petitions runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discoverable through the exercise of due diligence.

28 U.S.C. § 2255(f); <u>see</u> <u>Gendron v. United States</u>, 154 F.3d 672, 674 (7th Cir. 1998). Judgment in petitioner's case became final on October 2, 2006, the date the Supreme Court denied petitioner's writ of <u>certiorari</u>. Petitioner did not file the instant petition until August 11, 2009, almost two years beyond the statute of limitations. Even if the Court had jurisdiction over this matter, the petition would be time barred and should be DISMISSED.

## D.  The Petition is Successive.

After the disposition of a § 2255 petition, a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Appeal courts may authorize the filing of a second or successive § 2255 motion only if the movant's application contains a claim based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The "newly discovered evidence" exception "applies only to challenges to the underlying conviction; it is not available to assert sentencing error." 115 F.3d at 1198. In the instant case, petitioner has filed several previous § 2255 motions and has not been given permission to a successive petition. Even if the Court had jurisdiction over this matter, the petition would be successive and should be DISMISSED.

## E.  "Inadequate or Ineffective" Remedy

A petition for writ of habeas corpus may be filed under § 2241 if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of detention." 28 U.S.C. § 2255. However, the denial of a prior § 2255 petition does not qualify as inadequate or ineffective grounds. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Overman v. United States, 322 F.2d 649 (10th Cir. 1963).

5

A petitioner is allowed to seek leave from the Court of Appeals to file a successive § 2255 motion only if there is "newly discovered evidence" or if the petitioner is relying on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h). Petitioner relies on Begay v. United States, 128 S.Ct. 1581 (2008), and United States v. Thornton, 554 F.3d 443 (2009), to demonstrate "a new constitutional law, made retroactive." In Begay the Supreme Court held that New Mexico's felony drunk driving statute was not a "violent felony" under 18 U.S.C. § 924(e), since the offense did not "involve purposeful, violent, and aggressive conduct" like each of the crimes expressly listed in § 924(e)(2)(B)(ii). In Thornton, the Court of Appeals for the Fourth Circuit held that a conviction under Virginia's carnal knowledge offense was not associated with a likelihood of violent, aggressive, and purposeful armed career criminal behavior and, therefore, was insufficiently similar to the enumerated crimes in kind or in degree of risk to constitute a "violent felony" under the ACCA. 18 U.S.C. § 924(e)(2)(B). Thornton, 554 F.3d at 443. Despite the holdings in Begay and Thornton, the substantive law has not changed such that petitioner's conduct is "deemed not to be criminal," as is required by the test in Jones. Jones, 226 F.3d at 334; see also Brown v. Rivera, 2009 WL 960212 (D.S.C.) Petitioner can only argue that he is actually innocent of being an "armed career criminal," but that claim is inadequate to require consideration because "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7(4th Cir. 2008). Therefore, a § 2255 motion was not "inadequate

or ineffective to test the legality of detention." 28 U.S.C. § 2255.

As a result, petitioner's § 2241 petition is improperly filed before the Court and should be DISMISSED. However, even if petitioner had properly filed his petition pursuant to § 2255, the Court would have no jurisdiction over the matter.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within fourteen days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_/s/_
**James E. Bradberry**
**United States Magistrate Judge**

**Norfolk, Virginia**

**January 5, 2010**

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of

the following:

Elton Williams #98912-071 pro se,
FCI Petersburg (Low)
P.O. Box 1000
Petersburg, VA  23804

Laura M. Everhart, Esq.
Assistant United States Attorney
World Trade Center, Suite 8000
101 West Main Street
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
                    Deputy Clerk

January 5, 2010